Nash, J.
 

 This case is here for the second time. When before us on the former occasion, the only question, presented by the bill of exceptions, arose under the plea of the statute of Limitations. The case now before us presents a different question. The defendant, being largely indebted, conveyed to the plaintiff a quantity of property in trust to sell, and pay the debts enumerated. Among them, was one due to a Mr. Murphy. Upon this debt the plaintiff paid to Mr. Murphy seventy dollars, the balance having been paid to him, by a Mr. Gordon, his Attorney, who had received it from the defendant. In a «settlement
 
 between the
 
 plaintiff and the defendant, this payment of $70 by him was claimed as a charge against the defendant, as money paid for, and'on his account. The defendant refused to allow it, on the ground that
 
 he
 
 had paid the whole of the Murphy debt, to Gordon. The parties finally agreed to settle the trustee’s account, except this item, and, as respected it, it was' agreed, l< that if the plaintiff could show that the defendant had not paid the said sum to Gordon, then the defendant should pay it to the plaintiff.” Upon entering into this agreement, the trust property was delivered up to the
 
 *37
 
 defendant. In his charge his Honor instructed the jury that the plaintiff’s right to recover depended on the fact, whether they were satisfied that the defendant had
 
 not
 
 paid the whole of the Murphy debt to Gordon : if they were so satisfied, the plaintiff was entitled to recover; if not, he was not entitled to recover. We 'are not sensible of any error in law, in the charge, of which the plaintiff had a right to complain. The debt to oMurphy, its payment of all but seventy dollars by Gordon, his Attorney, and the payment of that amount by the plaintiff1, are all admitted in the case. The defendant, however, alleged, he ought not to pay to the plaintiff that’ seventy dollars, because
 
 he
 
 had paid to Gordon the whole of the Murphy debt. Like any other plea of payment, for it was not denied that the payment to Gordon, if made, was legal and proper, it would have been the duty of the defendant to sustain it by proper proof of the fact. But the plaintiff voluntarily released him from that obligation, and took upon himself to prove he had not paid it to Gordon, and makes that proof a condition precedent to his right of recovery, as it was the condition upon which the plaintiff’s new promise rested. The charge in its first branch is-in the language of the agreement. The second upon the general liability of the defendant. Gordon was the authorized agent of Murphy to receive the debt. If the Jury were satisfied the defendant had paid the whole of it to him, then the payment of the seventy dollars by the plaintiff was unauthorized, and he had no right to claim it from the defendant; he must look to Murphy.
 

 In the course of the argument here, it was insisted that the Judge ought to have instructed the jury, that the deposition of Jennings, which constitutes a part of the case, if believed by them, proved an acknowledgmént of the debt by the defendant. No such instructions were asked for by the plaintiff on the trial, and it has been several times decided by this Court, that an
 
 omission
 
 by a Judge to instruct the jury upon a particular point., is not error. If a
 
 *38
 
 party deem it material to his case, he must ask for instruction upon it, more especially when the party complaining does not show that the jury were probably misled by the' charge.
 
 Torrence
 
 v Graham, 1 Dev. and Bat. 288,
 
 State
 
 v
 
 O'Neal, 7
 
 Ire. 253.
 

 Per Curiam. Judgment affirmed.